IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

JOHN M. PERRY,

    Plaintiff,

V.                                        CIVIL ACTION NO. 3:05-0063

WILLIAM R. SHARP HOSPITAL,

    Defendant.

**FINDINGS AND RECOMMENDATION**

Between January 12, 2005 and April 21, 2005, John M. Perry filed six complaints against various individuals and entities, presumably filing the complaints under the provisions of 42 U.S.C. §1983.[1] This case, as are the remaining five cases, is presently pending before the Court on his application and affidavit seeking leave to proceed in forma pauperis under the provisions of 28 U.S.C. §1915.

Examination of the application and affidavit submitted in support of the request to proceed in forma pauperis establishes that plaintiff is indigent and entitled to proceed herein without prepayment of fees. As a consequence of the fact that plaintiff proceeds in forma pauperis, and in accordance with the requirements of 28 U.S.C. §1915(e)(2)(B), the Court is required to dismiss the case if it determines that the action is "frivolous or malicious" or the complaint "fails to state a claim

---

[1] In 2004 he filed fourteen complaints which were dismissed as frivolous under the provisions of 28 U.S.C. §1915(e)(2)(B).

on which relief may be granted." Examination of the complaint satisfies the Court that dismissal is required under these criteria.

As the Court pointed out in Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), §1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." To the extent that plaintiff's complaint is intelligible, it is apparent that he has failed to state a cognizable claim and, when viewed in the context of his other filings, that his claims are frivolous as that term has been defined by the Court in Neitzke. Under such circumstances, dismissal of the complaint is required.

### RECOMMENDATION

On the basis of the foregoing, it is **RESPECTFULLY RECOMMENDED** that plaintiff's application to proceed in forma pauperis be granted and that his complaint and this action be dismissed.

Plaintiff is hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Fed.R.Civ.P., he may, within thirteen days from the date of filing of these Findings and Recommendation, serve and file written objections with the Clerk of this Court identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The Judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the

provisions of 28 U.S.C. §636(b) and plaintiff is advised that failure to file timely objections will result in a waiver of his right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and mail a copy of the same to plaintiff.

DATED: May 2, 2005

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE