IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

JOHNY M. PERRY,

        Plaintiff,

v.                                         CIVIL ACTION NO. 3:05-0034

U.S. GOVERNMENT,

        Defendant.

---

JOHN M. PERRY,

        Plaintiff,

                                        CIVIL ACTION NO. 3:05-0058

DANIAL RIBEL and
PATRICIA RIBEL,

        Defendants.

---

JOHNY M. PERRY,

        Plaintiff,

                                        CIVIL ACTION NO. 3:05-0063

WILLIAM R. SHARP HOSPITAL,

        Defendant.

---

JOHNY M. PERRY,

        Plaintiff,

                                        CIVIL ACTION NO. 3:05-0237

DHHR, Bureau for Child Support
Enforcement Offset Program,

        Defendant.

**ORDER**

Pending are Plaintiff Johny M. Perry's Objections to the Magistrate's findings and recommendations concerning pro se complaints he filed in this Court. These actions were referred to the Honorable Maurice G. Taylor, Jr., United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that this Court grant Plaintiff's applications to proceed in forma pauperis under provisions of 28 U.S.C. § 1915. The Magistrate Judge also recommended that the complaints be dismissed for failure to state a claim upon which relief can be granted, within the meaning of 28 U.S.C. § 1915(e)(2)(b). Thereafter, Plaintiff filed objections to the findings of fact and recommendations. This Court **GRANTS** Petitioner's motion to proceed informa pauperis.

The Court, having reviewed, de novo, the pleadings and Plaintiff's objections, **ADOPTS,** accepts and incorporates herein the Magistrate Judge's Findings and Recommendation, and **DISMISSES** this action for failure to state a claim upon which relief can be granted and as frivolous, within the meaning of 28 U.S.C. § 1915(e)(2). After careful review of the complaints and the identical objection filed by Plaintiff in each case, the Court finds Plaintiff's allegations unintelligible. None of the complaints or the objections state a factual claim or event which this Court can discern. Moreover, Plaintiff fails to state any legal theory or principle which the Court could point to as raising a claim. Plaintiff's "objections" do not provide any specific basis for rejecting the findings of fact and recommendations.

Plaintiff has filed numerous actions in this Court in 2004-2005 which seek damages from numerous individuals and government entities. These complaints have been dismissed as frivolous. Each complaint failed to state a sufficient claim.[1] In light of these facts, it is clear that Plaintiff has repeatedly burdened this Court's resources with lawsuits which have, time after time, been dismissed as frivolous and for failure to state a claim upon which relief could be granted. Plaintiff's many lawsuits demonstrate a pattern of claims lacking any legal or factual basis. This Court has discretionary authority, implied within 28 U.S.C. § 1915, to establish a pre-filing review system for persons with a history of litigiousness. *See Graham v. Riddle,* 554 F.2d 133 (4th Cir.1977); *see also In re Burnley,* 988 F.2d 1 (4th Cir. 1992). That authority "[f]lows from the essential policy behind the in forma pauperis statute: 'while persons who are unable to pay costs or give security therefor should be allowed to prosecute . . . actions for the protection of their rights. . . . they should not be allowed under the cover of the statute to abuse the process of the Court by prosecuting suits which are frivolous or malicious.'" *Graham,* 554 F.2d at 134 (citing *Caviness v. Somers,* 235 F2d 455 (4th Cir. 1956)). The Court finds that, in light of Plaintiff's propensity for frivolous litigation, a pre-filing review procedure should be established. Therefore, the Court will exercise its authority under 28 U.S.C. § 1915(e) to require pre-filing approval by the Magistrate Judge of any pro se, in forma pauperis action by Plaintiff Perry. Accordingly, the Court **ORDERS** that leave to file in forma

---

[1]*Perry v. Mildred Mitchell Bateman Hospital,* No. 3:04-0524; *Perry v. Barb Marone*, No. 3:04-0792; *Perry v. Juanita Staten*, No. 3:04-0793; *Perry v. Richard Perry,* No. 3:04-0794; *Perry v. Ric Morrone,* No. 3:04-0795; *Perry v. Mabel Smith,* No. 3:04-0796; *Perry v. Wayne Co. Sheriff,* No. 3:04-0797; *Perry v. City of Kenova,* No. 3:04-0798; *Perry v. Jim Perry,* No. 3:04-0799; *Perry v. David Perry and Dorothy Perry,* No. 3:04-0810; *Perry v. Prestera,* 3:04-1064; *Perry v. Cabell Huntington Hospital,* No. 3:04-1067; *Perry v. St. Mary's Hospital,* No. 3:04-1075; *Perry v. Mildred Mitchell Bateman Hospital,* 3:04-1080; *Perry v. City of Kenova,* No. 3:04-1111; *Perry v. Prestera,* No. 3:05-0229; *Perry v. City of Kenova,* No. 3:05-0329; *Perry v. City of Kenova,* No. 3:05-0391; *Perry v. City of Kenova,* No. 3:05-0394.

pauperis shall be denied forthwith in actions by Plaintiff acting pro se, except upon good cause shown and with permission of the Magistrate Judge.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record, any unrepresented parties and Magistrate Judge Taylor.

ENTER: July 6, 2005

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE